## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 23-cr-00339 (ACR)** |
| **v.** | : | |
| | : | |
| **ETHAN MAUCK, and** | : | |
| | : | |
| **PETER WILLEY** | : | |
| | : | |
| **Defendants.** | : | |

### <u>UNITED STATES' POST-TRIAL BRIEF</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this post-trial brief addressing an issue raised by the Court at the conclusion of the bench trial in this case concerning whether the defendants must be physical present in Court for the rendering of the Court's verdict.

### I.  <u>Procedural History</u>

At the conclusion of the bench trial in this case on Friday, August 30, 2024, the Court indicated that it would take its verdict under advisement and announce it at a later date in a virtual hearing. That date was initially scheduled for Monday, September 9, 2024, and was subsequently continued to Friday, September 20, 2024. At that time, the undersigned Assistant U.S. Attorney raised concerns that Federal rules prohibited returning a verdict in a felony criminal case when the defendant was not physically present but did not at that time direct the Court to specific authority for that position. Recognizing that the Court has now set a virtual hearing for the return of the verdict in this case, the government respectfully sets forth the authority for its objection.

II.     Federal Rule of Criminal Procedure 43 Requires Defendants' In-Person Appearance
        for the Verdict

Federal Rule of Criminal Procedure 43 requires that a defendant "must be present"[1] at "every stage of the trial, including . . . the return of the verdict." Fed. R. Crim. P. R. 43(a)(2). Rule 43's requirement that a defendant be present at all stages of trial has been in place since the inception of the Federal Rules of Criminal Procedure, *see* Advisory Comm. Notes, 1944 Adoption, Paragraph 1, and has been a foundational requirement in criminal procedure long before the rules were promulgated, *Diaz v. United States*, 223 U.S. 442, 456 (1912) (it is the right of the defendant, and in the interest of the government, that in felony cases, the defendant shall be "present at all stages of the trial—especially at the rendition of the verdict.").

Courts have long and uniformly recognized the importance of a defendant's in-person appearance at all stages of the criminal proceedings: "the significance of a defendant being physically present for a proceeding . . . cannot be understated." *United States v. Shaver*, 2023 WL 6961552, at *2 (E.D. Ky., Oct. 20, 2023) (denying request by defendant to appear via video conference for a sentencing). Court have recognized the importance of this rule specifically as it relates to the verdict portion of the trial, since the reading of the verdict is "perhaps the most critical" stage of the trial from the defendant's perspective. *United States v. Canady*, 126 F.3d 352, 360 (2d Cir. 1997). This is no less true following a bench trial. *Id.* at 361-362 ("We see no reason why a defendant's presence is less critical when the court, instead of the jury, renders its decision as to the ultimate issue of whether the defendant is guilty or innocent.").

---

[1] The meaning of "present" follows the plain, commonsense dictionary definition as "physical existence in the same place as whatever act is done there." *United States v. Burke*, 345 F.3d 416, 421 n.2 (6th Cir. 2003) (citing cases).

Rule 43 provides that a defendant's presence is not required in-person for misdemeanor offenses. Fed. R. Crim. P. 43(b)(2). Consistent with well-established and long-standing precedent, the Rules Committee thus recognized the distinction between misdemeanor and felony cases and drew a line differentiating between the two. Here, both defendants are charged with felony and misdemeanor offenses, and thus remain subject to the rules applicable to felony defendants.

While Rule 43(c)(1) does provide certain exceptions to the requirement that defendants appear in person, including where a defendant was initially present at trial but then "is voluntarily absent after the trial has begun," this does not allow for defendants' absence at critical stage of a criminal proceeding simply as a matter of convenience. That is, Rule 43(c)(1)'s exceptions do not provide a mechanism for a defendant "to waive her presence for ease or preference"—rather, the rule sets forth mechanisms for "continuing trial and sentencing after a culpable act of the defendant [that] would have otherwise jeopardized case progression," such as flight, *see Crosby v. United States*, 506 U.S. 255 (1993), or when a defendant engages in unruly behavior, *see United States v. Washington*, 705 F.2d 489, 497 n.4 (D.C. Cir. 1983). *See also*, *e.g.*, *United States v. Gordon*, 829 F.2d 119, 125 n.7 (D.C. Cir. 1987) (collecting cases wherein a defendant "waives" his right to presence by "voluntarily absenting himself at trial" by means of flight or escape during the proceedings); *United States v. Khariton*, No. 2:21-cr-018, 2023 WL 3977695 (S.D. Ga. June 13, 2023); *United States v. Walker*, No. 15-2846, 2016 WL 9776580, at *10-11 (D.N.M. Oct. 6, 2016) (Advisory Committee has made clear that the waiver rule was "intended not to allow a defendant to execute an express waiver of presence, but instead to allow sentencing in absentia when a defendant voluntarily flees before sentencing."). Such exceptions are inapplicable here, as Judge Moss explained in a minute order denying a similar request:

> Upon consideration of Defendants' joint motion for video appearance, Dkt. 140, it is hereby ORDERED that the motion is DENIED. As Defendants acknowledge,

Federal Rule of Criminal Procedure 43 requires a defendant's presence for every trial stage, including return of the verdict. Dkt. 140 at 2. Defendants' request is based on the expense and time associated with travelling to Washington, D.C., *id.* at 1-2, but the Federal Rules of Criminal Procedure do not contemplate an exception on that basis. Nor may Defendants waive their presence as a matter of preference. Rule 43(c) provides that a "defendant who was initially present at trial... waives the right to be present" when, as relevant here, he is "voluntarily absent after the trial has begun" or "when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior." Neither subsection applies here. The comments state that the "right to be present at court, although important, is not absolute. The caselaw, and practice in many jurisdictions, supports the proposition that the right to be present at trial may be waived through, inter alia, the act of fleeing." Fed. R. Crim. P. 43, advisory committee's note to the 1995 amendment. As that comment indicates, the purpose of Rule 43(c) is to allow a trial to continue when a defendant's actions would otherwise have "jeopardized case progression," not to allow "a defendant to waive [his] presence for ease or preference." *United States v. Khariton*, 2023 WL 3977695, at *4 (S.D. Ga. June 13, 2023). Moreover, as the D.C. Circuit has recognized in the context of sentencing proceedings, and as the Government here submits, "the state has an independent interest in requiring a public [proceeding]," at which the defendant is present, "in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment." *United States v. Lastra*, 973 F.2d 952, 955 (D.C. Cir. 1992). Finally, even if the Court might permit a defendant to waive his or her presence for the return of the verdict under exceptional circumstances, this is not such a case. Here, the charges that Defendants face are serious ones, and the reasons that they give for seeking permission not to appear are far from compelling.

*United States v. Irwin et. al.*, 1:21-cr-589 (RDM), Minute Order dated May 5, 2024.

Requiring "the defendant to be physically present" at key hearings, such as verdicts, further underscores the need "to both reflect the seriousness of the offense and promote respect for the law[.]" *See United States v. Rossman*, 22-cr-280 (BAH), Oct. 14, 2022 Minute Order. This is especially true in the context of the attack on the Capitol, "given the seriousness of the underlying offense conduct, in which defendant traveled to this district and participated in breaching the secure perimeter of . . . the U.S. Capitol Building on January 6, 2021, thereby disrupting the official proceeding underway of certification of the 2020 presidential election[.]" *Id.*

III.     <u>Remote Verdict Scheduled for Friday, September 20, 2024</u>

Insofar as the Court disagrees with the government's understanding of Federal Rule of Criminal Procedure 43 and proceeds with the scheduled virtual pronouncement of the verdict, the government respectfully requests that both defendants execute a written waiver of all rights connected with their respective right to be present at the verdict and expressly stating their desire to be absent to be filed in advance of the virtual hearing. The government would further request that, prior to rendering the verdict at the remote hearing, the court conduct an inquiry on the record sufficient to establish that defendants' physical absence from court is both knowing and voluntary, and done with an understanding of the possible advantages of being present in court when the verdict is rendered. *See, e.g.*, *Pearson v. United States*, 325 F.2d 625, 627-28 (D.C. Cir. 1963) ("If he is in court, with counsel present, he may waive his right to be present by expressly indicating a desire to be absent. In such a case, it may be desirable for the trial judge to inform the defendant of the nature of the right to be present and of the possible advantages to him of being present.").

Date: Sept. 12, 2024

<div style="margin-left: 3em;">

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Craig Estes*
CRAIG ESTES
Assistant United States Attorney
United States Attorney's Office for the
District of Massachusetts (detailee)
Massachusetts Bar No. 670370
craig.estes@usdoj.gov
(617) 748-3100

</div>

## **CERTIFICATE OF SERVICE**

On this 12th day of September, 2024, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

 /s/ *Craig Estes*
Craig Estes
Assistant U.S. Attorney (detailee)